## CORNING BANK & TRUST CO. v. TAYLOR.
### No. 9440.

Circuit Court of Appeals, Eighth Circuit.
July 18, 1932.

G. B. Oliver, Jr., of Corning, Ark., for appellants.

Before STONE, KENYON, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

Walter E. Taylor, as state bank commissioner in charge of the affairs of the American Exchange Trust Company, filed two claims against the bankrupt estate of Vann M. Howell Company. Each of these claims was upon a promissory note, not due at the adjudication. The Corning Bank &

Trust Company filed its objections to these claims on the basis that the American Company had, within four months of filing the bankruptcy petition, received $5,382.67 (in two payments) from the bankrupt at times when the American "had reasonable cause to believe that said payments to it would effect preferences." Each of these payments was advance interest on separate notes which replaced or renewed existing notes covering indebtedness of long standing. It had become the custom between the parties to renew this indebtedness from time to time for short periods of time, paying the interest in advance, and it had not been contemplated for a long time prior to the date of this last renewal that the debt should be paid at any definite date in the future, although the various renewal notes (past and present) were made payable at definite times. Taylor pleaded to these objections in the nature of a demurrer, which was treated by all parties, the referee, and the court as a motion to dismiss for insufficiency. The court sustained the order of the referee in dismissing the objections. The sole point presented in the matter in the trial court and here is whether payments of advance interest, made within four months of filing the bankruptcy petition, are, under the circumstances here, preferences which must be surrendered.

Section 57g of the Bankruptcy Act (11 USCA § 93(g) denies allowance of a claim unless the creditor surrenders to the trustee anything received as a preference within section 60b of the act (11 USCA § 96(b). Section 60b declares to be a preference any transfer of property within four months of filing of the petition in bankruptcy if the bankrupt be then insolvent and the creditor "then have reasonable cause to believe that the * * * transfer would effect a preference." By these standards this matter is governed.

 The motion admitted the truth of the matters of fact alleged in the objections. It stands admitted that this indebtedness was of long standing; that it had been repeatedly renewed; that there was no intention that the indebtedness should be paid at any definite time, although the various renewal notes were naturally for definite periods. It was obviously the carrying of a large indebtedness, the collection of which was not contemplated at any definite date in the future. Also, it stands admitted that, at the time these particular advance interest payments were received, the bankrupt was insolvent; that the American had reason to believe that

such payments would operate as a preference; and that such payments do so operate. If interest paid under such condition is to be treated as no preference, then it is obviously open to any creditor to partially defeat the bankruptcy statute. For instance, in this case, it would have been easy to renew these notes for ten years, at 10 per cent. interest, and have secured, in the guise of advance interest, payment of the entire face of the indebtedness. We do not determine nor consider the matter, broadly stated, as to what circumstances govern the classification of advance interest payments as a preference or as no preference, but we hold that, under the facts as shown in this record, these payments were voidable preferences which must be surrendered before allowance of this creditor's claim.

With directions to proceed in conformity with this opinion, the order appealed from is reversed.